■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PERRINO, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Nastasi, J.), rendered June 9, 1981, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Two of the witnesses who testified at the defendant's trial had been hypnotized in an effort to have them recall more of the details of the evening in question. The trial court held a pretrial hearing to determine the admissibility of the two witnesses' testimony, and concluded that the hypnotic sessions were not conducted in a suggestive manner. Consequently, the court ruled that their testimony, both prehypnotic and posthypnotic, was admissible, and the fact of prior hypnosis was a matter affecting credibility only. Subsequently, the Court of Appeals ruled in *People v Hughes* (59 NY2d 523), that a witness may testify only to the extent of his prehypnotic recollection, and even then, only if the People

demonstrate that the hypnosis was not impermissibly suggestive. Inasmuch as the instant witnesses were not so restricted, the conviction must be reversed, and a new trial held. The finding of the trial court that the hypnosis did not have an unduly suggestive impact as regards the witnesses' prehypnotic recollection had support in the record, and need not be disturbed. Accordingly, at the new trial, both witnesses may testify, but only as to their prehypnotic recollections. O'Connor, J. P., Weinstein, Bracken and Boyers, JJ., concur.